## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------X

**JOSHUA SAUBERMAN**, individually and
on behalf of all others similarly situated,

           *Plaintiff*,

*v.*

**AVIS RENT A CAR SYSTEM, L.L.C.**, a
New Jersey Corporation,

           *Defendant*.

-----------------------------------------------------X

Case No.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

## CLASS ACTION COMPLAINT

1.      Plaintiff Joshua Sauberman ("Sauberman" or "Plaintiff") brings this Class Action Complaint against Defendants Avis Rent A Car System, L.L.C. (collectively "Defendants" or "Avis") to stop Defendant's practice of making unsolicited text message calls to cellular telephones and to obtain redress for all persons injured by Avis's conduct. Plaintiff, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

2.      Plaintiff is a natural person and domiciled in the State of New York, County of Nassau.

3.      Avis is a limited liability company located and existing under the laws of the State of New Jersey whose primary corporate headquarters is located at 6 Sylvan Way, Parsippany, NJ 07054.

4.     Avis does business throughout the United States, including in the State of New Jersey and this District.

## JURISDICTION & VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") a federal statute.

6.     The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is headquartered and registered to do business in the State of New Jersey, regularly conducts business in the State of New Jersey and in this district, and a substantial part of the events giving rise to the claims asserted here occurred in, emanated from, or were directed to people in this District.

## COMMON ALLEGATIONS OF FACT

**A.      Bulk SMS Marketing**

7.     In recent years, marketers who have felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to send bulk messages cheaply.

8.     Bulk text messaging, or SMS marketing, has emerged as a new and direct method of communicating and soliciting consumer business. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters. An SMS message is a text message call directed to a wireless device through the use of the telephone number assigned to the device.

9.     When an SMS message call is successfully made, the recipient's cell phone rings,

alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide and instantaneously.

       **B.**      **<u>Defendant Transmits Text Messages to Consumers Who Do Not Want Them</u>**

10.     Avis is one of the largest and best-known car rental companies in the Country.

11.     Consumers are able to book car rental with Avis through the Avis website.

12.     When a consumer goes through Avis's website to make a reservation the consumer is presented with a checkbox asking whether the consumer consents to receiving alerts via text message.

13.     Consumers who do <u>not</u> select the checkbox have not consented to receive text messages from Avis.

14.     Notwithstanding this, Defendant Avis's system automatically sends text messages to consumers who did not check the checkbox to receive text messages.

15.     Avis uses "short code" 48400 to send the texts. A short code is akin to a telephone number for text messages.

16.     The text messages themselves make clear that the person has yet to consent to actually receiving text messages. Indeed, the text messages sent from 48400 states:

      "Avis: Reply "YES" to receive text alerts for your rental. 4 msg per rental. Text

      STOP to end, HELP for help + T&C's. Std. Msg&Data rates may apply."

(See "Text Message," a true and accurate copy of which is attached as Ex. A.)

17.     Defendant sent, or caused to be sent on its behalf, the same (or substantially the same) opt-in text message calls *en masse* to thousands of cellular telephone numbers throughout

the United States.

18.     In sending the text messages at issue in this Complaint, Defendant utilized an automatic telephone dialing system. Specifically, the hardware and software used by Defendant (or its agent) has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse,* in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention). Avis's opt-in text messages are uniform, they are not typed individually, are sent mechanically without human intervention from a shortcode, and are programmed using automated software to respond to certain automatic instructions (STOP, HELP, etc.)

19.     Defendant was and is aware that these above described opt in text messages were and are being made without the prior express consent of the text message recipients.

**C.     Plaintiff's Experience with Defendant**

20.     On January 23, 2017, Plaintiff Sauberman reserved a car with Avis through its website.

21.     Almost immediately after making the reservation Sauberman received an email and an unsolicited text message from 48400, Defendant Avis's short code, to his personal cell phone, purporting to alert Plaintiff that he could receive additional alerts if he responded "Yes." The full message, which was identical to the messages received by the rest of the class members, stated: "Avis: Reply "YES" to receive text alerts for your rental. 4 msg per rental. Text STOP to end, HELP for help + T&C's. Std. Msg&Data rates may apply."

22.     When Sauberman received the text message, his cell phone rang, indicating that a

text call was being received

23.    At no time did Plaintiff Sauberman consent to the receipt of text message calls from Defendant, let alone provide prior oral or written express consent to Defendant to receive such calls.

24.    Avis failed to obtain any consent that informed consumers that they agreed to receive text messages with the use of automated technology and informing them that consenting to receive such messages was not a condition of any purchase. Indeed, Avis sent its text messages specifically to consumer who did <u>not</u> agree to receive text messages by selecting any SMS checkbox, inviting them to receive even more Avis text messages.

25.    By making unauthorized text message calls as alleged herein, Defendant has caused consumers actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such text messages, in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such text messages. Furthermore, the text messages interfered with Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components. Defendants also caused substantial injury to their phones by causing wear and tear on their property, consuming battery life, and in some cases appropriating cellular data or minutes.

26.    In the present case, Defendant employed a backwards process: instead of sending a text message asking for permission to send text messages, Defendant should have obtained consent prior to sending *any* autodialed text messages.

27.    In order to redress these injuries, Plaintiff, on behalf of himself and a class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47

U.S.C. § 227, *et seq.* ("47 U.S.C. § 227"), which prohibits unsolicited voice and text calls to cell phones for statutory damages of $500 to $1,500 per text message to be paid into a common fund for the collective benefit of the Class members (with reasonable attorneys' fees to be paid from the common fund).

28.      On behalf of the Class, Plaintiff also seeks an injunction requiring Defendant to cease all wireless spam activities to the class members.

## CLASS ACTION ALLEGATIONS

29.      Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> All persons in the United States who: (1) from four years prior to the filing of the Complaint to the date notice is sent to the Class, (2) received a text message from Defendant stating "Avis: Reply "YES" to receive text alerts for your rental. 4 msg per rental. Text STOP to end, HELP for help + T&C's. Std. Msg&Data rates may apply," (3) on his or her cellular telephone, (4) who did not check any box agreeing to receive text messages when they made an Avis reservation.

30.      The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

31.      On information and belief, there are hundreds, if not thousands, of members of the

Class such that joinder of all members is impracticable.

32.     There are several questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class members that may be answered in a single stroke include but are not limited to the following:

      a.   whether Defendant's conduct constitutes a violation of the TCPA;

      b.   whether Defendant utilized an automatic telephone dialing system to send text messages to members of the Class;

      c.   whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct;

      d.   whether Defendant obtained prior express written consent to contact any class members;

      e.   to the extent Defendant's conduct does not constitute telemarketing, whether Defendant obtained prior express oral consent to contact any class members.

33.     The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class, including the annoyance and aggravation associated with such messages as well as the loss of data and temporary inability to enjoy and use their cellphones, as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other members of the Class have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct of transmitting wireless spam. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendant's wrongful conduct.

Plaintiff, like other members of the Class, received an unsolicited spam text message from Defendant. Plaintiff is advancing the same claims and legal theory on behalf of himself and all absent members of the Class.

34.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interest antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

35.     The suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted, and/or has refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief. Specifically, injunctive relief is necessary and appropriate to require Defendant to discontinue sending unsolicited and unauthorized spam text messages to the public. Likewise, Defendant has acted and fails to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

36.     In addition, this suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective

remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication. The claims asserted herein are applicable to all customers throughout the United States who received an unsolicited spam text message from Defendant. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class could afford such litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

37.   Adequate notice can be given to the members of the Class directly using information maintained in Defendant's records.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the No Consent Class)**

38.   Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

39.   Defendant and/or its agent transmitted unsolicited text message calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be

called, using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant and/or its agent, which is substantially similar to a predictive dialer, dialed numbers from a list, or dialed numbers form a database of telephone numbers, in an automatic and systematic manner.

40.     These text calls were made *en masse* and without the prior express consent of the Plaintiff and the other members of the Class to receive such wireless spam.

41.     The text messages are uniform and appear to be sent by a computerized system, not dialed individually by any humans.

42.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Class are each entitled to, under section 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

43.     In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

**WHEREFORE**, Plaintiff Sauberman, on behalf of himself and the class, prays for the following relief:

1.      An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Sauberman as the representative of the Class and appointing his attorneys' as Class Counsel;

2.      An award of statutory damages of $500 (to be trebled if willfulness is found) to be paid into a common fund for the benefit of the Class;

3.      An injunction requiring Defendant to cease all wireless spam activities, and otherwise protecting the interests of the Class;

4.      An award of reasonable attorneys' fees and costs to be paid from the common fund;

5.      An incentive award for the class representative to be paid from the common fund;

6.      A declaration that Defendant used an ATDS to send the text messages and that Defendant failed to obtain prior express consent from Plaintiff or from anyone else; and

7.      Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

Dated: February 3, 2017          **JOSHUA SAUBERMAN** individually and on behalf of all others similarly situated,


By: _____*/s/ Ari Marcus*_____
          Ari Marcus
          Marcus & Zelman, LLC
          1500 Allaire Avenue, Suite 101
          Ocean, New Jersey 07712
          Tel: 732-695-3282
          Fax: 732-298-6256
          ari@marcuszelman.com
          *Attorney for Plaintiff and the Class*


          Steven L. Woodrow*
          swoodrow@woodrowpeluso.com
          Patrick H. Peluso*
          ppeluso@woodrowpeluso.com

Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

* *Pro Hac Vice* Admission to Be Sought