UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSHUA SAUBERMAN, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> AVIS RENT A CAR SYSTEM, L.L.C., <br><br> Defendant. | Civ. No. 2:17-0756 (WJM) <br><br> OPINION |

## WILLIAM J. MARTINI, U.S.D.J.:

Plaintiff Joshua Sauberman brings this putative class action against Defendant Avis Rent a Car System, L.L.C., alleging that Defendant violated the Telephone Consumer Protection Act ("TCPA").

This matter comes before the Court upon Defendant's motion to compel arbitration. For the reasons set forth below, the motion is **DENIED WITHOUT PREJUDICE**. The parties are ordered to engage in limited discovery as to whether Plaintiff made the rental car reservation at issue through Defendant's Preferred Member program, or signed any other rental agreement with Defendant containing an arbitration clause. Following discovery, Defendant may renew its motion, which this Court will assess under a Rule 56 summary judgment standard.

I. BACKGROUND

Plaintiff, on behalf of himself and all others similarly situated, has filed a putative class action Complaint against Defendant, asserting violations of the TCPA. ECF No. 1 (Compl). Plaintiff alleges that, when renting a car via Avis's website, a customer is "presented with a checkbox asking whether the consumer consents to receiving alerts via text message." *Id.* ¶¶ 12-13. However, according to Plaintiff, even if a customer does not consent to receiving text messages, Avis automatically text messages that customer anyway, in violation of the TCPA. *Id.* ¶ 14.

1

In response to the Complaint, Defendant has filed the instant motion to compel arbitration. ECF No. 6 (Mot.). Defendant states that arbitration is required because, "as an Avis Preferred member, Plaintiff agreed to Avis's Preferred Rental Transaction Terms and Conditions . . . which include a conspicuous, broad, and unambiguous arbitration provision and a class action waiver." Specifically, Defendant asserts that, in 2011, Plaintiff enrolled in the Avis preferred program (also called the "Wizard" program), and by doing so, he agreed to resolve any claim against Avis in arbitration.

Plaintiff opposes the motion to compel arbitration, asserting that he did not enter his Avis Preferred Member information when making the instant reservation. ECF No. 10 (Opp.). Plaintiff contends that this fact is fatal to Defendant's present motion, because the Preferred program agreement states: "You understand that these Terms and Conditions will apply to each rental of a car to you by us *using Avis Preferred*, as fully as if contained in a separate agreement signed by you." *Id*. at 14 (emphasis added). The agreement also states it "covers the rental of each car by us to you *under Avis Preferred*." Opp, Ex. B (Agreement) (emphasis added).

In reply, Defendant declares, *inter alia,* that, "Plaintiff did use his Wizard number when making the rental at issue, and limited discovery on this point will quickly bear that out." ECF No. 11 (Reply) at 2. Therefore, Defendant "requests that this Court direct the Parties to engage in limited discovery to discern whether Plaintiff in fact used his Wizard number to place the reservation at issue." *Id*. at 3.

## II.  DISCUSSION

Before compelling arbitration pursuant to the FAA, a court must determine that: "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of the agreement." *Kirleis v. Dickie, McCarney & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009). Here, the parties disagree as to whether a valid agreement to arbitrate exists: Defendant contends that Plaintiff entered his Wizard number when booking the car rental at issue and, therefore, the arbitration agreement governing the Avis Preferred program applies to this dispute. Plaintiff, on the other hand, maintains that he did not enter his Wizard number and further states that Defendant has not demonstrated that he used his Wizard number to make this reservation, rendering arbitration of this action inappropriate.

In *Guidotti v. Legal Helpers Debt Resolution, L.L.C.,* the Third Circuit explains which standard to apply when a question arises as to whether a valid arbitration agreement exists. 716 F.3d 764 (3d Cir.2013). Where arbitrability is apparent on the face of the complaint, a Rule 12(b)(6) standard of review should be applied to the motion to compel arbitration. *Id*. at 774. However, where the complaint does not establish on its face that the parties have agreed to arbitrate, or when the party opposing arbitration has come forward with reliable evidence that it did not intend to be bound by an arbitration

agreement, the non-movant must be given a limited opportunity to conduct discovery on the narrow issue of whether an arbitration agreement exists. *Id.*

In this case, Plaintiff's Complaint makes no reference to the Avis Preferred program agreement: Plaintiff neither mentions the Preferred program in the Complaint, nor does he attach the agreement as an exhibit. Because the Complaint does not establish on its face that the parties agreed to arbitrate, the Court cannot decide the present motion without first ordering limited discovery as to the question of arbitrability. *Id*. ("Under the first scenario, arbitrability not being apparent on the face of the complaint, the motion to compel arbitration must be denied pending further development of the factual record."). This conclusion is further bolstered by Defendant's request to conduct limited discovery as to whether Plaintiff entered his Wizard number in making the current reservation. Once the factual record is developed, the issue must be decided under the Rule 56 summary judgment standard. *Id; see also Laudano v. Credit One Bank*, No. 15-7668, 2016 WL 3450817, at *5 (D.N.J. June 22, 2016) (ordering discovery under *Guidotti* where Plaintiff's complaint did not mention or attach as an exhibit the alleged agreement containing the arbitration provision); *Ross v. CACH, LLC*, No. 2:14-6321, 2015 WL 1499282, at *1 (D.N.J. Apr. 1, 2015) (same).

At this stage, the Court need not reach step two of the *Guidotti* inquiry, *i.e.*, it need not decide whether Plaintiff has put forth credible evidence that he is not bound by the arbitration agreement. *See Guidotti*, 716 F.3d at 774 ("The second scenario will come into play when the complaint and incorporated documents facially establish arbitrability but the non-movant has come forward with enough evidence in response to the motion to compel arbitration to place the question in issue."). Because an agreement to arbitrate cannot be gathered from the face of the Complaint, the Court will deny the motion without prejudice, order limited discovery on whether an agreement to arbitrate exists with respect to this rental, and if necessary, entertain a future motion to compel arbitration under a summary judgment standard.

### III. CONCLUSION

For the foregoing reasons, the motion to compel arbitration is **DENIED WITHOUT PREJUDICE**. The parties are to engage in discovery on the narrow issue of whether an agreement to arbitrate exists. Defendant may re-file its motion to compel following the completion of discovery. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 25, 2017**